**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JANA HAGUE,                                      )
                                                 )
                              Plaintiff,          )
                                                 )
v.                                               )
                                                 )        Case No. 2:10-CV-2166 RDR/KGS
HALLMARK CARDS,                                  )
INCORPORATED, and                                )
                                                 )
UNION SECURITY INSURANCE                         )
COMPANY a/k/a ASSURANT                           )
EMPLOYEE BENEFITS                                )
                                                 )
                              Defendants.         )
_____)

**PLAINTIFF'S OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS AND/OR TO**
**STAY AND COMPEL ARBITRATION**

COMES NOW, Plaintiff, by and through counsel of record and submits the following response in opposition to Defendants' motion to dismiss and/or to stay and compel arbitration.

WHEREFORE, Plaintiff, Jana Hague, respectfully requests that the Court deny Defendant's motion to dismiss and/or to stay and compel arbitration. In support thereof, plaintiff alleges and states:

Plaintiff Jana Hague ("Hague"), moves this Court for an order denying Defendants Hallmark Cards Incorporated ("Hallmark") and Union Security Insurance Company a/k/a Assurant Employee Benefits ("Assurant") motion to dismiss and/or to stay and compel arbitration on the grounds that Plaintiff properly states a claim for which relief can be granted by this Court in relation to Plaintiff's breach of contract claim and also in relation to Kansas Wage Payment Act claim. Similarly, Plaintiff's claim against

Assurant should be heard concurrently in the interest of judicial economy and to avoid possible res judicata issues that might arise.  Furthermore, compelling arbitration under Hallmark's Dispute Resolution Program ("DRP") would be improper because the genesis of Plaintiff's claim is the short term disability benefit extended by Hallmark to its employees, which expressly falls outside the scope of that arbitration contract.

Respectfully submitted,

s/James L. Wisler
James L. Wisler                    #08879
Wisler & Treviño, L.C.
1311 Wakarusa Drive, Suite 2200
Lawrence, Kansas 66049
Telephone: (785) 856-8738
Facsimile:  (785) 840-0424
jim@wtrlegal.com
*Attorneys for Plaintiff*