IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

JANA HAGUE,

          Plaintiff,

vs.                                     **Case No. 10-2166-RDR**

HALLMARK CARDS, INC.,
et al.,

          Defendants.

---

### **MEMORANDUM AND ORDER**

Plaintiff filed this action in the District Court for Douglas County, Kansas. Defendants removed the case to this court pursuant to 28 U.S.C. § 1441 and § 1446(d) because plaintiff asserts a violation of the federal ERISA statute. This case is before the court upon defendants' motion to dismiss and/or to stay and compel arbitration. Doc. No. 5. Although the motion is titled a motion to dismiss, defendants have supplied the court with a statement of facts consistent with a summary judgment motion. Plaintiff has responded to defendants' statement of facts and submitted her own statement of facts, although plaintiff's statement does not reference the documents or evidence which support the asserted facts. As it appears that the parties are agreeable to the court's consideration of materials outside the pleadings, the court shall treat defendants' motion as a motion for summary judgment. See FED.R.CIV.P. 12(d).

In this action, plaintiff alleges: a breach of contract

claim; a claim under the Kansas Wage Payment Act, K.S.A. 44-312 et seq.; and an ERISA claim under 29 U.S.C. § 1132(a)(1)(B). Defendants are Hallmark Cards, Inc. and Union Security Insurance Company a/k/a Assurant Employee Benefits. Plaintiff alleges that she was a long-time employee of defendant Hallmark but that she became unable to work because of a medically documented disabling condition. Plaintiff claims that, in spite of this condition, she was denied benefits under defendant Hallmark's short-term disability (STD) program. Plaintiff alleges that this constituted a breach of contract and a violation of the Kansas Wage Payment Act. Plaintiff further claims that the denial of STD eligibility had the effect of excluding plaintiff from benefits available under defendant Hallmark's Long-Term Disability (LTD) Plan, in violation of ERISA. To qualify for disability benefits under the LTD program an employee must demonstrate that he or she was disabled for the purposes of the STD program for 180 days or the hourly equivalent of six months. "Only those absences that are determined to be eligible for STD benefits or workers' compensation benefits will count toward the LTD benefit eligibility period." Ex. 13 to Doc. No. 6. This is undisputed by the parties.

The LTD program is covered by ERISA; the STD policy is not. Plaintiff's claims regarding the STD program are based upon state law.

Defendants' motion makes arguments against plaintiff's claims

regarding the STD program and the LTD program. In this order the court shall focus upon a ripeness argument defendants assert regarding plaintiff's LTD claim.

Defendants' motion makes three arguments in relation to plaintiff's claims regarding the LTD program: first, defendants argue that plaintiff's LTD claim is not ripe until the STD claim is resolved; second, defendants contend that neither defendant is a proper party to an ERISA claim involving the LTD program; and third, defendants assert that plaintiff is seeking relief which is not available under ERISA.

Plaintiff's response to defendants' motion does not take serious issue with defendants' ripeness argument and does not make a direct rejoinder against defendants' other arguments regarding plaintiff's ERISA claim. Regarding ripeness, plaintiff states:

> Should Hague prevail, and the Court find that short term disability benefits are in fact due to her retroactively, she would qualify for long term benefits. At that point her claim for long term disability benefits would be ripe.

Doc. No. 9 at p. 24.

A claim must be ripe for adjudication by a federal court under the case-or-controversy requirement of subject matter jurisdiction. See Wisconsin Central, Ltd. v. Shannon, 539 F.3d 751, 759 (7th Cir. 2008). Ripeness "'is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" Morgan v.

McCotter, 365 F.3d 882, 890 (10th Cir. 2004) (quoting National Park Hospitality Ass'n v. Dept. of Interior, 538 U.S. 803, 807 (2003)). "Ripeness is predicated on the 'central perception . . . that courts should not render decisions absent a genuine need to resolve a real dispute . . . [c]ases are unripe when the parties only point to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts.'" Shannon, 539 F.3d at 759 (citing Lehn v. Holmes, 364 F.3d 862, 867 (7th Cir. 2004) (interior quotations omitted)). A court will not address arguments grounded on contingent future events that may not occur, or may not occur as anticipated. Corey H. v. Board of Education, 534 F.3d 683, 689 (7th Cir.2008) (citing Texas v. United States, 523 U.S. 296, 300 (1998)). "Determining whether the issues presented . . . are ripe for review 'requir[es][a court] to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" Morgan, 365 F.3d at 890 (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967)).

In this case, the parties agree that plaintiff cannot qualify for LTD benefits until it is determined whether she was "disabled" for 180 days or the hourly equivalent of six months under the STD program. This agreement suggests that any dispute regarding LTD benefits is rather illusory and contingent upon the resolution of the state law questions presented with regard to the STD program. This agreement also suggests that there would be little hardship to

4

the parties if the court dismissed the LTD claims on the basis of ripeness because further litigation would probably not be necessary if plaintiff was completely successful or unsuccessful upon her STD claims.

For all of these reasons, the court finds that plaintiff's ERISA claim is not ripe for consideration and should be dismissed without prejudice. See Worsley v. Aetna Life Insurance Co., 2009 WL 1794430 (W.D.N.C. 2009) (claim for additional benefits is premature because it is contingent upon a claim for long-term disability benefits); North Carolina Life & Accident & Health Ins. v. Alcatel, 876 F.Supp. 748, 756 (E.D.N.C. 1995) (alleged guarantor of insurance and annuity contracts purchased by pension benefit programs cannot bring ERISA claim as a potential subrogee when it had not yet paid benefits and when its obligation to pay benefits depended upon the determination of various state law questions). Furthermore, pursuant to 28 U.S.C. § 1367(c)(3), the court shall decline to exercise supplemental jurisdiction over the remaining state law claims. In accordance with the court's discretion as recognized in Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988), the court shall remand the remaining state law claims back to the state district court for Douglas County, Kansas.[1]

---

[1] Even if the court found that the LTD claims met the constitutional standard for ripeness, the court would still be required to consider whether to stay consideration of the LTD claims while the STD issues were developed and decided. See Morgan, 365 F.3d at 890 ("prudential considerations" may require a

5

In conclusion, defendants' motion to dismiss, treated as a motion for summary judgment, is granted in part. The court shall dismiss plaintiff's LTD claims under ERISA without prejudice. The court shall remand plaintiff's remaining state law claims to the state district court for Douglas County, Kansas.

**IT IS SO ORDERED.**

Dated this 2nd day of July, 2010 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge

---

court to stay its hand until issues become more fully developed). Under such circumstances, pursuant to 28 U.S.C. § 1367(c)(2), the court would probably remand the state claims in this case to the state district court for decision, while staying the LTD claims in this court pending the state court's decision upon the state law claims.